Cecil **WOODARD**, Plaintiff and Appellant,

v.

W. Brent **JENSEN**, Defendant and Third-Party, Plaintiff,

v.

Richard **SEVERIN** and Mrs. Richard Severin, Third-Party Defendants and Respondents.

No. 860037–CA.

Court of Appeals of Utah.

July 27, 1987.

Rehearing Denied Aug. 31, 1987.

Jerrold S. Jensen, Salt Lake City, for third-party defendants and respondents.

W. Brent Jensen, pro se.

E.J. Skeen, Van Cott, Bagley, Cornwall & McCarthy, Salt Lake City, for plaintiff and appellant.

## OPINION

Before GARFF, BENCH and JACKSON, JJ.

BENCH, Judge:

Cecil Woodard appeals a trial court judgment quieting title in Richard and Donna Severin to a five acre parcel of property. We affirm.

In 1972, Woodard met with a developer, W. Brent Jensen, to discuss the purchase by plaintiff of five acres of mountain prop-

---

erty, owned by Jensen, as a cabin site. They agreed on a parcel and marked a corner with a pile of rocks. On September 21, 1972, Woodard and Jensen executed a written agreement, prepared by them, which states in pertinent part:

This agreement made and entered into this 21st day of September, 1972, by and between W. BRENT JENSEN, hereinafter referred to as Seller and CECIL WOODARD, hereinafter referred to as buyer. Now, therefore, it is hereby agreed between the parties as follows:

1. It is agreed that the seller is desirous of selling and the buyer is desirous of buying a parcel of ground more specifically described as

[a metes and bounds legal description is written in by hand].

The seller also agrees that this parcel of land will be a minimum of 5 acres.

2. It is understood that Lot No. 1 is in the process of being made ready for recording with Summit County, Utah and cannot be sold at this time. However, seller agrees that when Lot No. 1 is recorded the buyer has first right and option to purchase Lot No. 1.

3. Until that time buyer agrees to buy part of Forest Meadow Ranch Plat C Lot # 69, more specifically described as

[legal description typed in]

hereinafter referred to as Lot No. 2. At the time Lot No. 1 is recorded the buyer will release the right and interest in Lot No. 2, and will exercise his option on Lot No. 1.

\*  \*  \*  \*  \*  \*

7. The Seller hereby agrees to furnish to buyer Title Insurance to the property no later than October 1, 1974.

The handwritten legal description in paragraph one was entered by Jensen a day or two after execution of the agreement. Approximately one week later, Jensen typed in a legal description of the property at the end of the second page of the agreement and the two men again executed the agreement. Both descriptions erroneously described a five acre parcel south of the property Woodard selected which Jensen did not even own.

Woodard paid Jensen $7,000.00 cash and delivered 6,000 shares of stock to him as a down payment on the property. Woodard also delivered to Jensen title to a truck as partial payment and in exchange for Jensen's agreement to dig the footings and basement for the cabin. In August, 1973, despite having no title yet in the property, Woodard began construction of his cabin on the five acre parcel of property he had selected.

Meanwhile, and also in August, 1973, Jensen conveyed a 17.59 acre parcel, just south of Woodard's cabin, to Richard and Donna Severin. The Severins also began construction of a cabin that month. The parties met occasionally and discussed their cabins. At one time, Richard Severin asked Woodard why he was building on land he did not own. Woodard told Severin he had an agreement with Jensen to purchase the property. Jensen conveyed additional property to the Severins on November 22, 1974.

On December 10, 1974, Woodard filed a complaint against Jensen seeking specific performance of the agreement and execution of a warranty deed to the property described in paragraph one and at the bottom of page two. In his answer filed January 7, 1975, Jensen admitted he sold to Woodard the property in paragraph three and further gave him a first right and option to purchase other property when recorded. Woodard filed an amended complaint adding an alternative remedy of money damages in light of Jensen's possible inability to fulfill the condition of recording under the agreement.

On July 30, 1976, Jensen, through Security Title Company, conveyed 56 acres to the Severins by special warranty deed. This acreage encompasses the prior two conveyances from Jensen to the Severins plus most of the five acres claimed by Woodard. On December 27, 1977, Jensen again through Security Title Company conveyed ten more acres to the Severins which encompass the remainder of the property claimed by Woodard.

At a pre-trial conference between Woodard and Jensen, the parties realized the mutual mistake committed in the description of the property. The trial court authorized Jensen to file a third-party complaint against the Severins to rescind the five acre portion of the deed claimed by Woodard. Jensen filed his third-party complaint on July 6, 1979 which was later dismissed by the court.

Woodard filed a second amended complaint on April 11, 1980, increasing the requested damages. Then, on October 17, 1980, he filed a third amended complaint alleging for the first time mutual mistake in the original agreement. Woodard offered a substitute legal description of the property and requested reformation and specific performance of the agreement and an order requiring the Severins to execute and deliver a quitclaim deed to the disputed five acres. In the alternative, Woodard requested $63,500.00 in damages.

Trial was held July 8 and 9, 1982. The court found the 1972 agreement was not a conveyance of title to the property and that the Severins were, through a series of recorded conveyances, the record title owners of the disputed property. Woodard was held to have no right, title, or interest in said property and was, therefore, estopped to claim specific performance of the agreement or a deed to the property. As between Woodard and Jensen, the court ordered Jensen to pay him $25,300.00 in damages, the value of the property with improvements ($28,500.00) less the balance due on the agreed price ($3,200.00).

On appeal, Woodard argues the trial court erred in ignoring in its findings, conclusions, and judgment the following determinative issues: reformation of the agreement, admitted mutual mistake, specific performance of the reformed agreement, possession of the land by Woodard, and actual notice of the Severins. He asks this Court to reverse the judgment and remand with instructions to reform and specifically enforce the agreement against the Severins.

The equitable remedies of reformation and specific performance are not available in the instant case. As Woodard and Jensen discussed the purchase and sale of the property, Jensen informed him the contract he had with the original sellers prohibited conveyances of less than ten acres unless the property was in a recorded subdivision. The parties incorporated this condition into the agreement:

2. *It is understood that Lot No. 1 is in the process of being made ready for recording* with Summit County, Utah *and cannot be sold at this time.* However, seller agrees that *when Lot No. 1 is recorded* the buyer has first right and option to purchase Lot No. 1.

3. Until that time buyer agrees to buy part of Forest Meadow Ranch Plat C Lot # 69, more specifically described as

[legal description typed in]

hereinafter referred to as Lot No. 2. *At the time Lot No. 1 is recorded* the buyer will release the right and interest in Lot No. 2, and will exercise his option on Lot No. 1. (Emphasis added.)

However, subsequent to execution of the agreement, Jensen discovered Summit County had changed its requirements for recording recreational property. The new requirements, as Jensen understood them, made it impossible for him to subdivide and record Woodard's desired property.

Both before and after October 1, 1974, the date by which Jensen was to furnish title insurance to Woodard, Jensen told Woodard that because he was unable to record the subdivision, he could not convey the property. He suggested various alternatives, all of which Woodard rejected.

The Utah Supreme Court has ruled where a certain event or situation is essentially made a condition to an agreement, the absence of such event or situation precludes specific performance of the agreement. *BLT Inv. Co. v. Snow*, 586 P.2d 456 (Utah 1978). In the instant case, recording was clearly a condition precedent to Jensen's duty to offer a first right and option to purchase the property under the agreement. As the condition precedent of the agreement has not been fulfilled, the equitable remedies of reformation and specif-

ic performance of the agreement are not available to Woodard.

We therefore affirm the judgment.

GARFF and JACKSON, JJ., concur.