Cecil **WOODARD**, Plaintiff and Petitioner,

v.

W. Brent **JENSEN**, Defendant and Third–Party Plaintiff,

v.

Richard **SEVERIN** and Mrs. Richard Severin, Third–Party Defendants and Respondents.

No. 870346.

Supreme Court of Utah.

Dec. 23, 1988.

E.J. Skeen, Salt Lake City, for plaintiff and petitioner.

Jerrold S. Jensen, Salt Lake City, for Severin.

HALL, Chief Justice:

The petition for certiorari is hereby dismissed, the same having been improvidently granted.

STEWART, J., concurs.

ZIMMERMAN, Justice (concurring):

I join the Court in dismissing the writ as improvidently granted but write to dispel any misconception as to the meaning of a denial or dismissal of a writ of certiorari

that Associate Chief Justice Howe's dissenting opinion might create.

The last paragraph of Associate Chief Justice Howe's opinion implies that a majority of this Court has passed on the merits of this case and has reached a conclusion different than his. The dismissal of a writ of certiorari as improvidently granted does not constitute a decision on the merits of the case. Utah Supreme Court Rule 43 states: "Review by a writ of certiorari is not a matter of right, but of judicial discretion, and will be granted only when there are special and important reasons therefor." R.Utah S.Ct. 43. The denial of a writ, or the dismissal of a writ previously granted, means only that a majority of the Court has concluded that there are no "special and important reasons" for considering the case further.

DURHAM, J., concurs in the concurring opinion of ZIMMERMAN, J.

HOWE, Associate Chief Justice (dissenting):

I dissent. This case should be remanded to the district court for complete findings of fact. There is a glaring omission in the evidence and in the findings of fact as to whether defendant W. Brent Jensen made *any* good faith effort to obtain recordation of the subdivision. See *Woodard v. Jensen,* 740 P.2d 272 (Utah Ct.App.1987), for a statement of the facts.

The written agreement between the parties recited that Lot 1 was "in the process of being made ready for recording with Summit County" by Jensen, who agreed that plaintiff would have the first right and option to purchase the lot when the recording was accomplished. Plaintiff entered into possession and paid most of the purchase price at the time the agreement was signed. About one year later, without mentioning any problem he was encountering in recording the subdivision in which Lot 1 was to be included, Jensen was paid by plaintiff to partially construct a summer home on the lot.

The parties to a contract must act in good faith to satisfy any condition precedent to performance. *Bastian v. Cedar*

*Hills Inv. & Land Co.,* 632 P.2d 818, 821 (Utah 1981); *Ferris v. Jennings,* 595 P.2d 857, 859 (Utah 1979); *Zions Properties, Inc. v. Holt,* 538 P.2d 1319, 1321 (Utah 1975). Jensen was both legally and contractually bound not to frustrate the fulfillment of the condition precedent. He contended that he had been unable to record the subdivision because he could not comply with an unspecified Summit County ordinance. He testified:

Summit County has changed their requirements as far as recreational property is concerned relative to what must be done in order to record from a larger parcel, make a smaller plat recording of ground. The requirements that they have imposed on the property has [sic] been such there has been no ground recorded in any of the projects up there for just about six years.

Despite the trial court's request that Jensen provide a specific statutory or legal basis for that conclusion, he did not do so. The trial judge emphasized this gap:

This is where I get into some problems on conclusions. Absent some showing of state law, federal law, Summit County ordinance, the conclusion it couldn't be sold is strictly a conclusion, and when I make the statement, absent any law to the contrary, the law says you can freely buy and sell your land.

Now, the problem I have is the conclusion when he says he couldn't sell the land. I think that's strictly—that's what I sustained it for, a legal conclusion, and whatever there is that in the statutes, federal, state, county or any other subdivision, I cannot accept—I have difficulty in that particular....

The trial court emphasized the importance of Jensen's providing in particular his statutory or legal basis for his inability to obtain recordation.

That's what I want to know. Who in the State says you can't sell your ground in five-acre pieces? I don't know. That's what I'm getting at.

Among the reasons for his failure to record the subdivision, Jensen testified that he desired to develop other areas first:

And that area there was not in an area where we were developing at that time. Nor did we have plans to do the developing in that area until we had finished some of the other areas where preparations for plat recordation were further along.

The trial court made no finding of fact on Jensen's efforts to record the subdivision. In a brief memorandum decision written by that court, it is stated that the court "can't require specific performance from Jensen as he does not have title to convey." This statement, of course, begs the question. Admittedly, Jensen did not have title to convey, but that failure resulted because he had conveyed title to the Severins—during the pendency of this action against him. The Severins are parties to this action, and plaintiff sought in his amended complaint that the Severins be ordered to convey Lot 1 to him. There is an abundance of evidence that the Severins purchased their tract of property from Jensen, which included Lot 1, with actual notice of plaintiff's claim and interest to the property, although the trial court here again made no finding of fact.

The only comment by the Court of Appeals in *Woodard v. Jensen*, 740 P.2d at 274, as to Jensen's failure is:

> However, subsequent to execution of the agreement, Jensen discovered Summit County had changed its requirements for recording recreational property. The new requirements, as Jensen understood them, made it impossible for him to subdivide and record Woodard's desired property.

These "new requirements" of Summit County are not elucidated by the Court of Appeals. Nor does that court explain why Jensen's "understanding" of Summit County requirements is determinative to the issue of good faith. Jensen had a duty to ascertain the requirements and to make a good faith effort to meet them. A lack of understanding by him would not excuse his performance. There is no evidence that it was "impossible" for Jensen to perform. His own testimony was that he gave priority to the development of other land first.

The majority of this Court assumes the best of Jensen without addressing the issue of his performance under the terms of the agreement. I conclude this case should be remanded for a finding of his efforts to satisfy the condition precedent and the specific bases for his inability to do so. Jensen was not free after entering into the agreement, and especially after seeking and receiving payment of most of the purchase price, to make anything less than a good faith effort to record the subdivision, thereby fulfilling the condition precedent to his conveyance of Lot 1 to plaintiff. In the absence of a finding of a good faith effort by Jensen, the trial court should not excuse Jensen from performing. Instead, the court should grant specific performance and decree title in plaintiff as against Jensen and his successors in title, the Severins, who apparently took title to Lot 1 with actual notice of plaintiff's interest and claim. An appropriate setoff should be allowed plaintiff for the value of the culinary water system and septic tank which Jensen agreed in writing to make available to the lot, but failed to do.